ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| MÓNICA STAMPER ROSA, Peticionaria, v. LUQUILLO HOTEL COMPANY, LLC; OFICINA DE GERENCIA DE PERMISOS, Recurrida. | KLCE202300082 | *CERTIORARI* procedente de Tribunal de Primera Instancia, Sala Superior de Fajardo. Civil núm.: LU2022CV00052. Sobre: *injunction* preliminar y permanente. |
|---|---|---|

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Romero García y la Juez Méndez Miró.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de enero de 2023.

La parte peticionaria, Mónica Stamper Rosa (señora Stamper Rosa) incoó el presente recurso discrecional el 26 de enero de 2023. La peticionaria adjuntó a su escrito varios documentos.

Examinado el escrito de la peticionaria, así como los documentos anejados al mismo, prescindimos de la comparecencia de la parte recurrida[1] y resolvemos.

Así pues, evaluados los autos a la luz del derecho aplicable, y por los fundamentos que expondremos a continuación, **desestimamos** el recurso por falta de jurisdicción, toda vez que fue presentado tardíamente.

I

El 30 de marzo de 2022, la señora Stamper Rosa presentó una *Demanda* de interdicto provisional y permanente, en contra de Luquillo Hotel Company, LLC (LHC), y de la Oficina de Gerencia de Permisos (OGPe)[2].

---

[1] Ello, conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho […]". *Véase*, 4 LPRA Ap. XXII-B, R. 7(B)(5).

[2] *Véase*, Sistema Unificado de Manejo y Administración de Casos (SUMAC), entrada 1, correspondiente al caso del título ante el Tribunal de Primera Instancia, LU2022CV00052.

En síntesis, arguyó que el permiso de construcción obtenido por LHC no había cumplido con el *Reglamento Conjunto de Permisos para Obras de Construcción y Uso de Terrenos*, que entró en vigor el 2 de enero de 2020. Por su parte, LHC arguyó que el permiso sí había sido obtenido conforme a derecho.

Luego de varias incidencias procesales, el 6 de julio de 2022, el foro primario dictó una sentencia mediante la cual desestimó la demanda de autos, pues carecía de jurisdicción[3]. Ello, a la luz de que la señora Stamper Rosa no había demostrado ostentar legitimación activa, ni un interés propietario o personal que fuera adversamente afectado por la determinación de la agencia administrativa al emitir el permiso. Además, concluyó que la peticionaria no había agotado todos los remedios administrativos que tenía a su disposición ante las agencias pertinentes.

Así las cosas, el 16 de noviembre de 2022, el foro primario emitió la *Orden de ejecución de sentencia*[4]. Inconforme con la determinación, en esa misma fecha, la señora Stamper Rosa presentó una *Solicitud de relevo de sentencia*[5]. En síntesis, alegó que LHC no había presentado oportunamente el memorando de costas y honorarios, por lo que procedía el relevo de la sentencia y que se declarase sin lugar dicho memorando. No obstante, esta solicitud fue declarada sin lugar el **17 de noviembre de 2022**[6].

No conteste, el **26 de enero de 2023**, la señora Stamper Rosa incoó el presente recurso[7].

---

[3] *Véase*, SUMAC, entrada 37.

[4] *Véase*, apéndice del recurso, a las págs. 34-37.

[5] *Íd.*, a las págs. 38-43.

[6] *Íd.*, a las págs. 44-45.

[7] Apuntamos que la señora Stamper Rosa no enumeró los errores que estima fueron cometidos por el foro primario y, consecuentemente, su escrito carece de una discusión de los errores que debió haber señalado. Esto, en claro incumplimiento con los requisitos mínimos de forma exigidos en la Regla 34 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 34.

II

A

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, pues "[…] adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre […] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico […]". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). A su vez, este Tribunal **no** puede conservar el recurso con el propósito de atenderlo y reactivarlo posteriormente. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).

De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009). Por su parte, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C), nos permite desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia, por los motivos consignados en el inciso (B) de la Regla 83. En específico, la Regla 83 (B) (1) provee para la desestimación de un pleito por falta de jurisdicción.

B

Distinto al recurso de apelación, el auto de *certiorari* es un recurso procesal de carácter discrecional. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). La jurisdicción y competencia de este Tribunal para atender un recurso de *certiorari* está establecida en las disposiciones

de la Ley Núm. 103-2003, según enmendada, *Ley de la Judicatura de 2003*, 4 LPRA sec. 24(t) *et seq.*; las Reglas 52.1 y 52.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 y R. 52.2; las Reglas 193 y 194 de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 193 y 194; y la Regla 32 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32.

De otra parte, el Art. 4.006(b) de la *Ley de la Judicatura de 2003*, 4 LPRA sec. 24y(b), establece que este Tribunal conocerá de cualquier resolución u orden dictada por el Tribunal de Primera Instancia mediante *certiorari*. A su vez, la Regla 52.2 (b) dispone, en parte, que los recursos de *certiorari* ante nos para revisar órdenes o resoluciones finales en recursos discrecionales, deberán ser presentados dentro del término de 30 días, contados desde la fecha de su notificación. 32 LPRA Ap. V, R. 52.2 (b). También, dispone que el término es de cumplimiento estricto, "prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*". *Íd.*

Dicho término está recogido en la Regla 32 (D) Reglamento del Tribunal de Apelaciones, que dispone:

> **El recurso de *certiorari* para revisar cualquier otra resolución u orden o sentencia final al revisar un laudo de arbitraje del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta (30) días siguientes a la fecha del archivo en autos de copia de la notificación u orden recurrida. Este término es de cumplimiento estricto.**

4 LPRA Ap. XXII-B, R. 32 (D). (Énfasis nuestro).

Con relación a los términos de cumplimiento estricto, el Tribunal Supremo ha expresado que, "el foro apelativo no goza de discreción para prorrogar tales términos automáticamente". *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000). En su consecuencia, "tiene discreción para extender un término de cumplimiento estricto 'solo cuando la parte que lo solicite demuestre justa causa para la tardanza'". *Íd.* En ausencia de justa causa, carecemos de discreción para prorrogar el término y acoger el recurso ante nuestra consideración. *Íd.* Por otro lado, la acreditación de la justa causa se cumple con explicaciones concretas y particulares,

debidamente evidenciadas. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR, a la pág. 565.

III

Examinado el recurso discrecional presentado por la señora Stamper Rosa concluimos que carecemos de autoridad para entender en los méritos de este, toda vez que fue presentado fuera del término para ello. Veamos.

De los autos ante nuestra consideración se desprende que, el **8 de julio de 2022**, notificada en esa misma fecha, el Tribunal de Primera Instancia emitió la *Sentencia* en el caso civil del título. Inconforme, el **28 de julio de 2022**, la peticionaria presentó una solicitud de reconsideración. El **2 de agosto de 2022**, el Tribunal de Primera Instancia emitió una *Resolución* que declaró sin lugar la solicitud de reconsideración.

Así las cosas, el **16 de noviembre de 2022**, el foro primario emitió el correspondiente *Mandamiento de ejecución y embargo* contra la peticionaria. Inconforme, la señora Stamper Rosa presentó una *Solicitud de relevo de sentencia* en esa misma fecha. No obstante, el **17 de noviembre de 2022**, el foro primario la declaró sin lugar; esta determinación fue notificada en esa misma fecha. Sin embargo, no fue hasta el **26 de enero de 2023**, que la señora Stamper Rosa acudió ante nos sin exponer la causa que justificara la presentación tardía de su recurso.

Como consecuencia, nos encontramos insubsanablemente privados de autoridad para examinar los méritos del recurso, pues este fue incoado fuera del término **de cumplimiento estricto** para ello y, a la luz del derecho aplicable, procede su desestimación.

III

A la luz de lo antes expuesto, **desestimamos** el recurso de *certiorari* ante nuestra consideración por falta de jurisdicción, al este haber sido presentado fuera del término de cumplimiento estricto de 30 días.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones